UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CHOLL W. KIM,<br>　　　　　Plaintiff,<br>v.<br><br>NUVASIVE, INC.<br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil No. 11cv1370-DMS (NLS)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO QUASH AND FOR A PROTECTIVE ORDER**<br><br>[Doc. No. 1.] |

## INTRODUCTION

This action is an ancillary discovery proceeding related to third-party subpoenas. The underlying lawsuit is pending in the District of Delaware and entitled *NuVasive, Inc. v. Globus Medical, Inc.*, Case No. 10-849-LPS. In the underlying case, NuVasive alleges its competitor, Globus Medical, Inc., ("Globus") infringes certain of NuVasive's medical device and procedure patents related to spine surgery. In the motion now before the Court, a nonparty, Dr. Choll W. Kim ("Kim"), a San Diego spine surgeon who uses the accused devices and procedure, seeks an order quashing several subpoenas served on him by NuVasive. In the alternative, Kim requests the issuance of a protective order. For the following reasons, the Court **GRANTS IN PART AND DENIES IN PART** Kim's motion.

///
///
///
///

## FACTUAL AND PROCEDURAL BACKGROUND

NuVasive filed a patent infringement action against Globus on October 5, 2010, in the District of Delaware. (Kim's Mem. P. & A. at 2.) NuVasive claims Globus' LLIF surgery (Lateral Lumbar Interbody Fusion) and the devices used for the procedure is a "knock-off" of NuVasive's XLIF procedure (eXtreme Lateral Interbody Fusion) and the devices used therein. (Opp. at 2.) NuVasive accuses Globus of infringing the claims of U.S. Patent Numbers 7,691,057 and 7,819,801 (collectively "the patents"). (Opp. at 4.) NuVasive markets products for its trademarked XLIF procedure, while Globus and other competitors market products that are used in the LLIF procedure. (Kim's Mem. P. & A. at 2.)

The Delaware district court issued a Scheduling Order that set an August 1, 2011 deadline to complete document production and a May 4, 2012 discovery deadline. (Kim's Mem. P. & A. at 2.) The parties have served their requests for production, and as of July 2, 2011 Plaintiff served its first deposition notice on Globus. (Reply at 2.)

Additionally, on May 25, 2011, NuVasive served Kim with subpoenas to appear for a deposition and to produce documents based on his practice of performing Globus' LLIF procedure. (Kim's Exhs. A & B) Kim was initially trained in NuVasive's XLIF procedure and practiced the procedure prior to switching to Globus' LLIF procedure. (Opp. at 1.) The subpoenas order Dr. Kim to appear for an oral deposition on July 5, 2011, give testimony on twenty six subject areas, and to produce sixteen categories of documents. (Kim's Mem. P. & A. at 3-4.) On June 20, 2011, Kim moved to quash the subpoenas or for a protective order. [Doc. No. 1.] On June 24, 2011, this Court set a briefing schedule for the motion and stayed compliance with the subpoenas. [Doc. No. 2.] Having considered the parties' briefs and all accompanying papers, the Court issues the following order.

## DISCUSSION

Kim contends the discovery is irrelevant, overbroad, burdensome and more easily obtained from Defendants. (Kim's Mem. P. & A. at 1.) Kim also asserts NuVasive is attempting to inappropriately elicit expert opinion from him by asking him to compare the XLIF and LLIF procedures. (*Id*. at 11.) NuVasive argues this case is unique because discovery from Kim, and other nonparties, is required to show Globus indirectly infringes the NuVasive patents via Kim's use of Globus' products in performing the LLIF procedure. (Opp. at 1.) NuVasive also states it is not interested in obtaining opinion testimony from Kim,

rather it seeks the underlying facts and impressions of a percipient witness. (*Id*. at 11.)

1. *Contents of the subpoenas*

Several of the deposition topics include: the training and instruction Kim received from NuVasive for the XLIF procedure, his procedure or technique in performing the procedure, the number of XLIF procedures he performed, NuVasive products used by Kim for the procedure, reasons why Kim uses the LLIF procedure over the XLIF procedure, and the differences between the two procedures. (Kim's Mem. P. & A. at 3-5.) A similar set of questions apply to the LLIF procedure. (*Id.*) Another set of questions relate to Kim's relationship with Globus, such as contracts and payments (to Kim and specified family members), and all communication between Kim and Globus and between Kim and others regarding the litigation. (*Id*.) A final set of questions are based on Kim's opinions of how the two procedures compare and why Kim chose the LLIF procedure over the XLIF procedure. (*Id*.)

Several of the document requests relate to correspondence between Kim and Globus about the LLIF procedure, including teaching and instructional materials; documents that relate to comparing the LLIF and XLIF procedures and products; all contracts and agreements between Globus and Kim, including services performed in accordance therewith; all payments made to Kim by Globus; all communications exchanged between Kim and others regarding the asserted patents or this litigation. NuVasive also seeks all documents relating to all surgeries Kim performed using the LLIF procedure. (Kim's Mem. P. & A. at 3-5.)

2. *Legal Standards*

Federal Rules of Civil Procedure 26 and 45 govern discovery from nonparties by subpoena. *See Exxon Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d 774, 779 (9th Cir. 1994) (applying both rules to motion to quash subpoena).

Under Rule 26[1] a court may order a protective order to "any person" who is able to establish good cause for issuance of the protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . .." Fed. R. Civ. Proc. 26(c). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotations and citations omitted).

Pursuant to Rule 45, "[a] party or attorney responsible for issuing and serving a subpoena must take

---

[1] All references to rules are to the Federal Rules of Civil Procedure.

reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. Proc. 45(c)(1). "On timely motion, the issuing court must quash or modify a subpoena that: . . . (iv) subjects a person to undue burden." Fed. R. Civ. Proc. 45(c)(3)(A).

"[T]he word 'non-party' serves as a constant reminder of the reasons for the limitations that characterize 'third-party' discovery." *Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 649 (9th Cir. 1980) (citations omitted). Non-parties deserve extra protection from the courts. *High Tech Medical Instrumentation, Inc. v. New Image Industries, Inc.*, 161 F.R.D. 86, 88 (N.D. Cal. 1995)(awarding sanctions against party who failed to avoid burden to non-party), citing *U.S. v. C.B.S.*, 666 F.2d 364, 371-72 (9th Cir.1982).

### 3. *Relevance*

Kim argues the following information is irrelevant: contracts and agreements between Kim and Globus not limited to a particular procedure or particular devices; payments from Globus to Kim not limited to a particular procedure or devices; payments by Globus to any businesses in which Kim owns more than a five percent share; payments by Globus to any of Kim's family members; communications by Kim to nonparties regarding this litigation and NuVasive's patents; Kim's performance of surgery pursuant to the XLIF procedure; and information on LLIF surgery performed without the use of only Globus' products. (Kim's Mem. P. & A. at 6-7.)

Rule 26(b)(1) states that discovery may be obtained "regarding any nonprivileged matter that is relevant to any party's claim or defense. . .." Relevant information is that which is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. Proc. 26(b)(1).

In the underlying action against Globus, NuVasive claims direct and indirect infringement of both its surgical procedure and its surgical devices. (Opp. at 1.) For its claim of indirect infringement, NuVasive seeks to show that others, such as Kim, were induced to infringe.[2] (*Id.* & NuVasive's Exh. 11 at 89-90.) Liability for inducement is shown by evidence that a party actively aided and abetted another's infringement. *Homedics, Inc. v. Valley Forge Insurance Company*, 315 F.3d 1135, 1141 n 4 (9th Cir. 2003) *citing* Chisum on Patents § 17.04 (2002).

---

[2] Inducement of patent infringement is a separate cause of action from direct infringement under U.S.C. § 271(b).

NuVasive states that the subpoenas were issued partly because publicly available information showed, among other things, Kim was a: (1) paid speaker on behalf of Globus; (2) paid consultant for Globus; and (3) stock holder and /or holder of stock options in Globus. (Opp. at 4.) These circumstances make all communications between Globus and Kim, and all payments to Kim and any relatives from Globus, relevant to NuVasive's inducement claim and/or reasonably calculated to lead to discovery of admissible evidence of indirect infringement. With regard to information from Kim on his performance of the XLIF surgery and LLIF surgery performed without the use of only Globus' products, this is relevant to NuVasive's claim that the LLIF surgical procedure itself infringes on the XLIF surgical procedure. *See Lucent Technologies, Inc. v.Gateway, Inc*., 580 F.3d 1301, 1321-22 (Fed. Cir. 2009) (must show all steps of claimed method were performed to prove indirect infringement).

The Court finds the information sought in the subpoenas is relevant to NuVasive's claim of induced infringement and damages therefrom.

4. *Undue burden*

NuVasive asserts "[n]othing in the Federal Rules requires NuVasive to obtain discovery from Globus *before* seeking discovery from [] Kim." (Opp. at 12.) This may be true, but a court has broad discretion in supervising discovery and striking a balance between disclosure and non-disclosure. *Richards of Rockford, Inc. v. Pacific Gas & Elec. Co.*, 71 F.R.D. 388, 389 (N.D.Cal., 1976). Whether the deponent is a party and whether the information sought is available from other sources are two considerations that factor into a court's balance inquiry. *Id*. at 390.

Here, it is apparent that Globus likely has a host of the documents and information sought by NuVasive. NuVasive's concern is that "despite agreeing to produce documents requested by NuVasive, Globus has not yet produced the documents sought from Dr. Kim and has indicated that it may not produce all of the documents . . .until the May 2012 close of fact and expert discovery." (Opp. at 2.) This concern appears to be more appropriately a subject for a motion to compel[3] rather than justification for the issuance of subpoenas that shift the burden of production from a party to a nonparty.

Globus asserts it "is currently collecting documents for production and/or inspection and copying

---

[3] A motion to compel would need to be brought before the court where the underlying action is pending.

and anticipates producing relevant discovery, on a rolling basis, over the next few months." (Kim's Mem. P. & A. at 2.) NuVasive states, "if Globus has some of the documents NuVasive seeks from Dr. Kim and produces them now, then NuVasive has no interest in burdening Dr. Kim with producing duplicates." (Opp. at 2.) Additionally, NuVasive asserts, "[g]iven that Globus and Dr. Kim are represented by the same counsel. . .one would assume that Globus would know of and could easily and promptly produce these documents if its interest was in minimizing Dr. Kim's burden rather than obstructing proper discovery." (Opp. at 2.) It is not Globus' responsibility to lessen Kim's burden; rather, it is NuVasive who is to be held more accountable in this regard. This circuit does not favor unnecessarily burdening nonparties with discovery requests. *High Tech Medical Instrumentation, Inc.,* 161 F.R.D. at 86.

The Court is not inclined to burden Kim with discovery that may be substantially produced by Globus. Kim has met his burden of showing the subpoenas, as they currently stand, are overbroad[4] and burdensome. Until such time as Nuvasive can satisfy the Court that the subpoenas served on Kim target relevant information that it cannot obtain from Globus, the subpoenas should be quashed.

5. *Opinion from unretained expert*

Kim argues that Nuvasive's subpoenas for the provision of documents and testimony comparing Nuvasive's and Globus' products is simply an attempt at seeking testimony from an unretained expert, in violation of Rule 45(c)(3)(B)(ii) which states a court may quash or modify a subpoena if:

> disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party. . .

Rule 45(c)(3)(B)(ii). This rule "was designed to protect experts from being required to provide expert advice or assistance without proper compensation." *MedImmune, LLC v. PDL Biopharma, Inc.*, 2010 WL 2794390, * 1.

Nuvasive requests information from Kim about:

> All advantages and disadvantages, Including [sic] those Relating to the length of procedure, use of equipment, and patient outcomes, that you perceive of LLIF as compared to XLIF

(Pl.'s Exh. 11 at 85, n. 14.)

---

[4] For example, the request for all of Kim's surgical records from all of the LLIF surgeries he has performed.

While some of Kim's testimony about use of the two procedures will undoubtedly touch on his personal knowledge of facts relevant to the case, the Court is unpersuaded that overall Kim's analysis comparing the two procedures and their merits does not venture into the dominion of expert opinion. Additionally, such opinion could objectively be given by a retained expert and is not unique to Kim.

6. *Protective order*

Such overlapping discovery as Globus is able to provide to NuVasive will be covered by the protective order already in place in the underlying action. (*See* Kim's Exh. B.) However, in terms of the discovery from Kim, the question of a protective order is moot due to the subpoenas being quashed.

## CONCLUSION

For the reasons stated above, the Court **HEREBY GRANTS** Kim's request to quash the subpoenas issued by NuVasive **WITHOUT PREJUDICE** to NuVasive's right to re-serve the subpoenas for information unobtainable from Globus.

**IT IS SO ORDERED**.

DATED: August 29, 2011

Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court